# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 8320 | DATE | 3/26/2012 |
| CASE TITLE | Wojtanek vs. Pactiv Corp | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss is granted with prejudice. This case is terminated. Defendant may proceed pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is Defendant Pactiv Corporation's ("Pactiv") motion to dismiss Plaintiff Mitchell Wojtanek's ("Wojtanek") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

Wojtanek applied for employment with Pactiv in August of 2006, began work on September 1, 2006, and was terminated on November 17, 2006, during his probationary period. Wojtanek filed the original lawsuit in his case against Pactiv on October 19, 2009. Wojtanek v. Pactiv Corp., No. 09 C 6551 [hereinafter "Wojtanek I"]. In that case, which is not at issue in this motion, Wojtanek alleges harassment and discrimination based on his age in violation of the Age Discrimination in Employment Act ("ADEA"). On November 21, 2011, Wojtanek filed a second lawsuit against Pactiv, this time alleging retaliation during the same period of employment. Wojtanek v. Pactiv Corp., No. 11 C 8320 [hereinafter "Wojtanek II"]. Wojtanek II, originally assigned to Judge Bucklo's calendar, was consolidated with Wojtanek I and reassigned to this Court on January 31, 2012. On March 9, 2012, Pactiv timely filed the instant motion to dismiss Wojtanek II, which is fully briefed and before the Court.

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient facts 'to state a claim for relief that is plausible on its face.'" Justice v. Town of Cicero, 577 F.3d 768, 771 (7th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). The Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A complaint must provide the grounds of the claimant's entitlement to relief, contain more than formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. See id. at 555.

Pactiv moves to dismiss Wojtanek II because Wojtanek did not timely file his IDHR Charge of Discrimination ("IDHR Charge"). Timely filing of an administrative charge of age discrimination is a prerequisite to maintaining an action under the ADEA. 29 U.S.C. § 626(d). In a so-called "deferral state" such as Illinois, the plaintiff must file an administrative charge "within 300 days after the alleged unlawful

practice occurred." Id.; see also Casteel v. Exec. Bd. of Local 703 of Int'l Broth. of Teamsters, 272 F.3d 463, 466 (7th Cir. 2001). Failure to timely file an administrative charge bars a later suit under the ADEA. Casteel, 272 F.3d at 466. A plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful. Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 267 (7th Cir. 1995) (holding that, where injury was termination, plaintiff's action accrued when he was informed that he was to be terminated).

Construing the facts in the light most favorable to Wojtanek, the 300 day period could start no later than November 17, 2006, the undisputed date of his termination. See id. Despite this, Wojtanek waited until May 28, 2008, approximately a year-and-a-half later, to file the retaliation IDHR Charge. As this far exceeds the 300 day limitation period, Wojtanek's retaliation claims are barred.

While it is true that the 300 day limitations period is subject to equitable estoppel and equitable tolling, see Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-52 (7th Cir. 1990), Wojtanek does not argue that either doctrine should apply. Nor could he. Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time." Id. at 450. Wojtanek makes no such allegation. Equitable tolling requires a plaintiff to show that "he could not by the exercise of reasonable diligence have discovered essential information bearing on his claim." Id. at 452. As Wojtanek alleges that he was terminated because he complained, he knew of the facts to support his claim on the day that he was terminated. Accordingly, Pactiv's motion to dismiss Wojtanek II is granted.

Pactiv further argues that the Wojtanek II complaint contains numerous claims that exceed the scope of the IDHR Charge. "A plaintiff generally cannot bring a claim in a lawsuit that was not alleged in the [administrative] charge." Graham v. AT&T Mobility, LLC, 247 F. App'x 26, 29 (7th Cir. 2007). A plaintiff may, however, proceed on a claim not explicitly mentioned in the charge "'if the claim is like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge.'" Id. (quoting Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 551 (7th Cir. 2002). "At the very least, these claims must involve the same conduct and implicate the same individuals." Id.

Wojtanek's sole allegation in the May 28, 2008 IDHR Charge is that he was discharged on November 16, 2007 because he "complained that Mark Hogman and Bob Kalas, Supervisors, were treating me differently because of my age for having complained about age discrimination." By contrast, Wojtanek's complaint includes allegations that Pactiv "retaliated for opposing the irrational, cruel hiring process . . . denial of evaluation, frequent surveillance, segregation, sabotaging my rights in the workplace in conspiracy with the labor union . . . ruined my reputation." Compl. ¶¶ 12, 13. These allegations exceed the scope of IDHR charge because, among other things, they do not "involve the same conduct." Therefore, the claims relating to retaliatory acts other than termination may also be dismissed as beyond the scope of the charge.

For the foregoing reasons, Wojtanek II is dismissed with prejudice. Wojtanek I remains alive.
IT IS SO ORDERED.

FILED 2012 MAR 26 PM 4:52 U.S. DISTRICT COURT